# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LUZ SOTO-GARFO,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>DEPARTMENT OF HOMELAND SECURITY; et al.,<br>　　　　　　　　　　Defendant. | CASE NO. 07CV0088 JM(BLM)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

　　Petitioner Maria Luz Soto-Garfo has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 seeking review of a January 6, 2006 finding by an Immigration Judge that her prior felonies rendered her removable. (Petition at p.4:23-28). She contends that there was "no evidence to find [her] removable." (Petition at p.5:1).

　　The court dismisses the petition for lack of jurisdiction. Judicial review of a removal order is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. Pub.L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252). This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals, which in this case is the Ninth Circuit Court of Appeals. 8 U.S.C. § 1252(b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of

/ / /

/ / /

1 this chapter"). Accordingly, the claim by Petitioner wherein she challenges the final order of removal

2 may not be considered in this habeas corpus action.[1]

3     In sum, the petition for writ of habeas corpus is dismissed without prejudice.

4 **IT IS SO ORDERED.**

5

6 DATED: January 24, 2007

7                                              Hon. Jeffrey T. Miller
                                             United States District Judge

8

9 cc: All Parties

---

[1] The court notes that it also appears that Petitioner failed to exhaust available administrative remedies by pursuing her claim with the Board of Immigration Appeals.